# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Anthony M. Washington, | ) |
| Plaintiff, | ) **ORDER** |
| vs. | ) |
| Reliance Telephone Systems and McLean County Jail, | ) Case No. 1:19-cv-124 |
| Defendants. | ) |

Plaintiff Anthony M. Washington ("Washington") is a pretrial detainee at the McLean County Jail in Washburn, North Dakota. He initiated the above-captioned civil rights action pro se under 42 U.S.C. § 1983 with the submission of an application to proceed in forma pauperis, which the court granted, and a complaint. (Doc. Nos. 1, 4 and 6). He subsequently filed notice of his consent to the Magistrate Judge's exercise of jurisiction. (Doc. No. 7). This matter is now before me for an initial review as mandated by 28 U.S.C. §1915A.

## I. BACKGROUND

Washington complains about the lack of legal resources available to him at the McLean County Jail, his inability to have private telephone conversations with his attorney, and his struggles with PTSD. Specifically, he asserts:

> While Detained @ McLean County Jail N.D.C.C. 12-44.14(7) as well as 28 C.F.R. 543.11 Lack of Law Library has hendered me from representing my self with the same defense as the States Attorney. Also phone calls between attorney and client has no privacy which is a violition to my 5th Amendment.
>
> * * *
>
> N.D.C.C. 28-04-04 action against domestic corporations and limited liability companies.

1

> I have P.T.S.D. which causes Restless sleeps at night and loss of weight Due to loss.
> of apitite.

(Doc. No. 6) (errors in original).[1]  He seeks, amongst other things, an award of $1,200,000 in damages.

## II.     STANDARD OF REVIEW

The Prison Litigation Reform Act of 1995 ("PLRA") requires an initial court screening of all civil actions brought by prisoners that relate to prison conditions or that seek redress from a governmental entity, officer, or employee.  28 U.S.C. § 1915A(a).  The screening is required even when the prisoner has paid the filing fee.  Lewis v. Estes, Case No. 00–1304, 242 F.3d 375 (table); 2000 WL 1673382, at *1 (8th Cir. Nov. 8, 2000) (unpublished *per curiam*).  The purpose of the screening requirement is to weed out claims that clearly lack merit with the hope that this will help to lessen the burdens imposed by the ever-rising numbers of prisoner suits, which too often are frivolous and without merit.  Jones v. Bock, 549 U.S. 199, 202-03 (2007); Woodford v. Ngo, 548 U.S. 81, 83-84 (2006).  In conducting the screening, the court must dismiss a complaint or portion thereof if its claims are legally frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e (c)(1).

Neither 42 U.S.C. § 1983 nor the PLRA imposes any heightened pleading requirements. Jones v. Bock, 549 U.S. at 211-12.  Consequently, in order to state a cognizable claim, the complaint need only meet the minimum requirements of Fed. R. Civ. P. 8(a)(2), which are that it contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Erickson v.

---

[1] N.D.C.C. § 28-04-04 does not provide the basis for a cause of action.  Rather, it addresses the venue of actions against domestic corporations and limited liability companies.

Pardus, 551 U.S. 89, 93 (2007) (*per curiam*).

The court is obligated to construe a *pro se* complaint liberally and hold it to a less stringent standard than what normally would be required of attorneys. Id.; see also Federal Express Corp. v. Holowecki, 552 U.S. 389, 402 (2008). This does not mean that the court must accept everything or anything that is filed by *pro se* prisoners, however. In enacting the screening requirement, Congress obviously expected it to be more than a ritualistic exercise and that courts would only allow to go forward those claims that are cognizable, that seek relief from a non-immune party, and that are not obviously frivolous or malicious.

To meet the minimal pleading requirements of Rule 8(a)(2) for stating a cognizable claim, something more is required than simply expressing a desire for relief and declaring an entitlement to it. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 n.3 (2007). The complaint must state enough to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. at 93 (quoting Bell Atlantic, 550 U.S. at 555). And, even though the complaint is to be liberally construed, it must also contain enough to satisfy Bell Atlantic's "plausibility standard." E.g., Ventura-Vera v. Dewitt, 417 F. App'x 591, 592, 2011 WL 2184269, *1 (8th Cir. 2011) (unpublished per curiam) (citing Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2007) for the appropriate post-Bell Atlantic standard); see also Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004) (*pro se* complaints must allege sufficient facts to state a claim). Complaints that offer nothing more than labels and conclusions or a formulaic recitation of the elements are not sufficient. Frivolous claims are those that are clearly baseless, fanciful, fantastic, or delusional. See Denton v. Hernandez, 504 U.S. 25, 32-34 (1992).

To state a cognizable claim under § 1983, a plaintiff must normally allege a violation of a

3

right secured by the Constitution or the laws of the United States and that the alleged deprivation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Walker v. Reed, 104 F.3d 156, 157 (8th Cir. 1997). Even under liberal pleading standards, a *pro se* litigant, at the very least, must invoke rights under the Constitution or federal law in order to plead a § 1983 claim. Walker v. Reed, 104 F.3d at 157-58.

Finally, even though the court is obligated to construe *pro se* complaints liberally, the court is not required to ignore facts that are pled by a prisoner when they undermine the prisoner's claim. The court may accept as true all facts pled in the complaint and conclude from them that there is no claim as a matter of law. E.g., Thompson v. Ill. Dep't of Prof'l Regulation, 300 F.3d 750, 753-54 (7th Cir. 2002) (citing other cases).

### III.  DISCUSSION

#### A.  Named Defendants

##### 1.  McLean County Jail

Plaintiff names the McClean County Jail as a defendant in his complaint. It is settled that a jail is not a person or legal entity subject to suit under section 1983. See, e.g., Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992) ("[s]heriff's departments and police departments are not usually considered legal entities subject to suit"); Powell v. Cook County Jail, 814 F. Supp. 757, 758 (N.D. Ill. 1993) (jail is not a "person" under Section 1983); Marsden v. Fed. Bureau of Prisons, 856 F. Supp. 832, 836 (S.D.N.Y. 1994) (the "jail is not an entity that is amenable to suit"); In re Scott County Master Docket, 672 F. Supp. 1152, 1163 n. 1 (D. Minn. 1987) (sheriff's department is not a legal entity subject to suit), aff'd, Myers v. Scott County, 868 F.2d 1017 (8th Cir. 1989). However, it is apparent that plaintiff's intent is to sue McLean County. Thus, for the sake of expediency and

4

given that plaintiff is proceeding *pro se*, the court on its own motion shall substitute McLean County for the McLean County Jail.

.    **2.    Reliance Telephone Systems**

The court shall next address whether Reliance Telephone System, a private actor also named as a defendant named by plaintiff in his complaint, is amenable to suit. "Section 1983 imposes liability on anyone who, under color of state law, deprives a person 'of any rights, privileges, or immunities secured by the Constitution and laws.'" Blessing v. Freestone, 520 U.S. 329, 340, 117 (1997) (citation omitted). "Private actors may incur section 1983 liability only if they are willing participants in a joint action with public servants acting under color of state law." Johnson v. Outboard Marine Corp., 172 F.3d 531, 536 (8th Cir. 1999); see Dennis v. Sparks, 449 U.S. 24, 27 (1980) (stating that a private actor is considered a state actor if the private actor is a "willful participant in joint action with the State or its agents"). A person may fairly be said to be a state actor if they "'acted together with or ... obtained significant aid from state officials' in furtherance of the challenged action." Wickersham v. City of Columbia, 481 F.3d 591, 597 (8th Cir. 2007) (quoting Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982). To establish liability under § 1983, a plaintiff "must establish, at the very least, an agreement or meeting of the minds between the private and state actors, and a corresponding violation of the plaintiffs' rights under the Constitution or laws of the United States." Johnson, 172 F.3d at 536; see West v. Atkins, 487 U.S. 42, 49 (1988). State action exists "only when it can be said that the State is responsible for the specific conduct of which the plaintiff complains." Pariser v. Christian Health Care Sys., Inc., 816 F.2d 1248, 1252 (8th Cir. 1987) (quoting Blum v. Yaretsky, 457 U.S. 991, 1004 (1982)). "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action

have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" Parker v. Boyer, 93 F.3d 445, 447–48 (8th Cir. 1996) (quoting West, 487 U.S. at 49). Whether a defendant is a state actor is often a mixed question of law and fact. See Focus on the Family v. Pinellas Suncoast Transit Auth., 344 F.3d 1263, 1276 (11th Cir. 2003) (citing Layne v. Sampley, 627 F.2d 12, 13 (6th Cir. 1980) ("Although in certain cases, it is possible to determine the question whether a person acted under color of state law as a matter of law, there may remain in some instances 'unanswered questions of fact regarding the proper characterization of the actions' for the jury to decide.")).

Reliance's provision of telephone services to the McLean County Jail would not necessarily render it a "state actor" for purposes of § 1983. See e.g., Brooks v. Securustech.net, et al., No. 13-cv-4646, 2014 WL 737683 at * (E.D.N.Y. Feb. 24, 2014) (opining that a private company is not transformed into a state actor for purposes of § 1983 solely by virtue of its provision of telephone services to prisoners); Wofford v. Pub. Comm. Servs., No. 4:11-CV-1884-JCH, 2012 WL 550134, at *3 (E.D. Mo. Feb. 19, 2012) (holding that the plaintiff's allegations that a private entity is an inmate telephone service provider under "contract" with the Missouri Department of Corrections did not establish that it was a "state actor"for § 1983 purposes); Iswed v. Caruso, No. , 2009 WL 4251076 at * 3 (W.D. Mich. Nov. 24, 2009) ("The fact that [private entity may] contract with the state for delivery of telephone services [to a prison] does not render it a "state actor" for purposes of § 1983."); Evans v. Skolnik, 2009 WL 3763041, at *5 (D. Nev. Nov. 5, 2009) (private provider of telephone services for state prison inmates is not a state actor); but see Griffin-El v. MCI Telecommunications Corp., 835 F. Supp. 1114, 1118–19 (E.D. Mo. 1993), aff'd sub nom. Griffin-El v. MCI, 43 F.3d 1476 (8th Cir. 1994) (concluding that a telecommunications company's contract

to provide telephone services for prisoners rendered it a "state actor" for purposes of § 1983). It is not the mere provision of telephone services that is at issue here, however. The focus of Washington's claim is largely on the alleged monitoring of telephone calls with counsel. See Walen v. Embarq Payphone Servs. Inc., No. 06–14201, 2009 WL 3012351, at *3 (E.D. Mich. Sept.17, 2009) (concluding that Embarq is a state actor because it acted as a joint participant in monitoring prisoner telephone calls by providing a system that determined which calls were monitored). Given the nature of Washington's claim, the court cannot definitively conclude for purposes of its initial review that Reliance is not a "state actor."

**B.     Claims**

**1      Access to the Courts**

Inmates have a constitutional right of access to the courts. Bounds v. Smith, 430 U.S. 817, 821–22 (1977). In Bounds, the Supreme Court found this right of access "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." 430 U.S. at 828. This right of meaningful access also extends to inmates in county jails. Love v. Summit County, 776 F.2d 908, 912 (10th Cir.1985), cert. denied, 479 U.S. 814 (1986).  .

Washington alleges that the McLean County Jail has no law library, which has hindered his ability to prepare a defense. However, it would appear from the pleadings that he has been represented by counsel in his pending state criminal matters.[2]

---

[2] Washington intimates at one point in his complaint that he terminated his attorney and/or requested a new one. (Doc. No. 6). However, as noted above, he then goes on to asserts that his phone calls with counsel are not private, which arguably suggests that he does have representation.

An inmate's right of access to the court is generally considered to be adequately protected where he is represented by counsel, even if he is not allowed access to legal materials to personally conduct legal research. Mendoza v. Strickland, 414 F. App'x 616, 618 (5th Cir. 2011); Skelton v. Pri–Cor., Inc., 963 F.2d 100, 104 (6th Cir.1991), cert. denied, 503 U.S. 989 (1992); United States v. Wilson, 690 F.2d 1267, 1271–72 (9th Cir.1982), cert. denied, 464 U.S. 867 (1983); see also Tarter v. Hury, 646 F.2d 1010, 1014 (5th Cir.1981) (dismissing a complaint for failure to state a claim because "[a]s long as a criminal defendant is represented by counsel, he will be able to present matters for decision to the court through motions filed by his attorney.")). Thus, absent much more, Washington's complaints regarding the McLean County Jail's lack of legal resources does not constitute the basis for cognizable constitutional claim.

### 2.      Telephone Communications with Counsel

Washington alleges that his telephone calls with counsel are being monitored by the McLean County Jail in violation of his Fifth Amendment rights. For purposes of its initial screening, the court is not prepared to conclude that this allegation does not constitute the basis for cognizable claim. Cf. Andersen v. Cty. of Becker, No. CIV 08-5687 ADM RLE, 2009 WL 3164769, at *1 (D. Minn. Sept. 28, 2009) (disposing of a detainee's constitutional claims arising out of recorded telephone calls with his attorney on summary judgement).

### 3.      PTSD

As a pretrial detainee, the Due Process Clause of the Fourteenth Amendment affords plaintiff protection for his medical needs claim. Ingraham v. Wright, 430 U.S. 651, 671–72 n. 40 (1977); see also Bell v. Wolfish, 441 U.S. 520, 535 n. 16 (1979).

To evaluate a medical needs claim, the court must determine if there is evidence of a serious

8

medical need and acts or omissions by prison officials indicating deliberate indifference to those needs. Id. at 582. A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and fails to take reasonable steps to avoid the harm. Farmer v. Brennan, 511 U.S. 825, 837 (1994). A prison official may manifest deliberate indifference by "intentionally denying or delaying access to medical care." Estelle v. Gamble, 429 U.S. at 104–05, 97 S.Ct. 285. However, "a prisoner has no right to choose a specific form of medical treatment," so long as the treatment provided is reasonable. Harrison v. Barkley, 219 F.3d 132, 138–140 (2d Cir.200

Here, Washington makes the declaration that he suffers from PTSD but says nothing to suggest that he has been denied or delayed access to medical care. Thus, if it was Washington's intent to assert a claim for deliberate indifference to his serious medical needs, his complaint falls woefully short.

## III. CONCLUSION

McLean County shall be substituted for the McLean County Jail as a named defendant. The caption shall be amended accordingly and the complaint shall be amended by this order. Plaintiff's claims regarding law library access and his PTSD are dismissed without prejudice. Plaintiff shall be permitted to proceed with his claims against McLean County and Reliance regarding the privacy of his telephone conversations with counsel. Accordingly, the Clerk's Office shall effectuate service of the summons and complaint along with a copy of this order upon Defendant in accordance with Rule 4 of the Federal Rules of Civil Procedure, and, if necessary, that service shall be made by the United States Marshals Service.

9

**IT IS SO ORDERED.**

Dated this 29th day of October, 2019.

                                               */s/ Clare R. Hochhalter*
                                               Clare R. Hochhalter, Magistrate Judge
                                               United States District Court